IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDREW DEAN KELLEY,<br><br>　　　　Defendant. | **ORDER TO CONTINUE JURY TRIAL**<br><br>Case No. 2:16-cr-00630-DB-1 |

　　　　Based upon the Unopposed Motion to Continue Jury Trial filed by Defendant Andrew Dean Kelley, the concurrence of the United States, and for good cause appearing, the Court makes the following findings:

　　　　1.　　　The Court finds that the ends of justice outweigh the need for the Defendant and the public to have a speedy trial.

　　　　2.　　　On or about December 7, 2016, the grand jury indicted Defendant Kelley on fifteen counts, including securities fraud, wire fraud, and money laundering, and notified Kelley of an intent to seek forfeiture in this matter.

　　　　3.　　　On December 8, 2016, Kelley appeared for an arraignment, and a ten-day jury trial was set for February 13, 2017.

　　　　4.　　　A total of approximately thirty-two (32) days have passed under the Speedy Trial clock.

　　　　5.　　　This is the first continuance motion filed in the case.

　　　　6.　　　Voluminous discovery was provided to Defendant's counsel on or about December 16, 2016.  In this case the government has produced thousands of pages of discovery

consisting of interview reports, bank account statements, transcripts of audio recordings, and correspondence. The government has also produced hours of audio recordings.

7. This matter is complex in that it would be unreasonable to expect the defense to be ready for trial by February 13, 2017. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). The government has alleged that defendant Kelley has committed a number of different crimes. The discovery materials consist of numerous pages of documents from multifarious sources. Because of the sheer quantity and complexity of the records, they cannot be reviewed within the time limitations of 18 U.S.C. § 3161. Thus, the case is complex as defined in 18 U.S.C. § 3161 and the delay resulting from the requested continuance is excludable under the Speedy Trial Act.

8. Defense needs at least an additional 90 days beyond the currently scheduled trial date to review the discovery material and conduct additional defense investigation. Additional time is needed by the defense to cull through the records and to conduct its own analysis of the alleged criminal conduct. Additional time is also needed for the defense to conduct interviews of witnesses.

9. The requested extension of time will provide defense counsel with the time necessary to complete these actions and others necessary to provide the defendant with effective assistance of counsel. Failure to grant the requested motion to continue would likely deny Defendant Kelley reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

10. Defendant Kelley will not be prejudiced by the requested continuance in that he agrees to waive his rights under the speedy trial act and have all time excluded. Defendant Kelley agrees that the time between this motion and the newly set trial date should be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A). Defendant Kelley asserts that

the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a Speedy Trial. 18 U.S.C. § 3161(h)(7)(A).

11. Given the voluminous amount of discovery, the complex nature of the case, the need for a reasonable time necessary for effective preparation taking into account the exercise of due diligence, trial should be scheduled no sooner than 90 days beyond the currently scheduled trial date.

12. Defense counsel has conferred with counsel for the United States, and the United States stipulates to this motion.

13. The continuance is sought in good faith and not for the purpose of delay.

14. For the reasons set forth herein, defendant Kelley requests that the trial currently scheduled for February 13, 2017 and all deadlines, including the deadline for motions, be vacated. Trial should be rescheduled at a date and time convenient to the Court but not sooner than 90 days after the currently scheduled trial date.

Based on the foregoing findings, **IT IS HEREBY ORDERED**:

1. The ends of justice are best served by a continuance of the trial date and the ends of justice outweigh the interests of the public and the defendant to a speedy trial.

2. The ten-day jury trial scheduled to begin on February 13, 2017, is hereby continued to May 22, 2017, at 8:30 a.m.

3. The plea deadline shall be May 8th, 2017.

4. Any pretrial motions shall be filed on or before April 24th, 2017.

5. All delay between the date of the defendant's continuance motion and the new

trial date set by this order shall be excluded from any computation under the Speedy Trial Act pursuant to 18 U.S.C. §3161(h)(7)(A). The Court finds that the case is complex as to qualify under 18 U.S.C. § 3161(h)(7)(B)(ii). The Court also finds that under 18 U.S.C. § 3161(h)(7)(B)(iv) that failure to grant the requested continuance would deny the defendant reasonable time necessary for effective preparation of his defense taking into account the exercise of due diligence.

6. Failure to grant this continuance would result in a miscarriage of justice and prevent a fair trial. The Court has balanced the need for the public and the defendant to have a speedy trial against the need for a fair trial and adequate preparation and finds that the scales tip in favor of granting a continuance. Accordingly, the time between the date of this order and the new trial date set forth above is excluded from speedy trial computation for good cause.

1/10/2017
Date

_____
Hon. Dee Benson
United States Judge