IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW DEAN KELLEY,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cr-00630-DB-1<br><br>District Judge Dee Benson |

This matter is before the Court on Defendant's motion under 18 U.S.C. § 3582 of the First Step Act. (Dkt. No. 64.) The Court has considered the facts and arguments set forth in the parties' filings and the reports by the United States Probation Office. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

In 2016, Defendant was charged with seven counts of securities fraud, four counts of wire fraud, and four counts of money laundering. On April 18, 2017, pursuant to a plea agreement with the United States, Defendant entered a plea of guilty to one count of securities fraud, in violation of 18 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. 240.10b–5, and the United States dismissed the 14 other criminal charges. (Dkt. Nos. 31, 32.) On October 3, 2017, the Court sentenced Defendant to 84 months of incarceration and 36 months supervised release.

Defendant, who is 44 years old, is currently serving his sentence at the United States Penitentiary, Lompoc ("USP Lompoc"). Defendant has served approximately two years and eight months of his seven-year sentence. Defendant has an anticipated release date of January 28, 2024.

Defendant submitted a letter to the Bureau of Prisons (BOP) on May 21, 2020 requesting compassionate release. (Dkt. No. 64, Ex. 1.) On June 8, 2020 the Warden at USP Lompoc denied Defendant's request because, "[a]ccording to Health Services staff," Defendant did not qualify for release since he was "not terminal or debilitated." (Dkt. No. 69, Ex. 1.) Defendant filed the present motion on July 29, 2020, asking this court for a compassionate release sentence reduction based on his family circumstances and his health conditions. (Dkt. No. 64.) Defendant seeks to be immediately released from USP Lompoc and asks the Court to reduce his sentence to time served.

## DISCUSSION

It is well-established that a "district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). Title 18 U.S.C. § 3582(c) permits a court to modify a term of imprisonment upon motion for compassionate release if certain conditions are met. Previously, only the BOP could bring such a motion on a defendant's behalf. However, in 2018 the compassionate release statute was amended by the First Step Act. Now, a defendant may file his own motion for relief if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." *United States v. O'Brien*, 2020 WL 4260630, *2 (D. Kan. July 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Once a defendant has satisfied the administrative requirements, the district court may reduce the defendant's term of imprisonment if, "after considering the factors set forth in Section

3553(a) to the extent they are applicable,"[1] the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement is found in U.S.S.G. § 1B1.13. *United States v. Fitzpatrick,* 2020 WL 4219789, *3 (D. Kan. July 23, 2020). As pertinent here, this policy statement provides that the court may reduce a term of imprisonment, after considering the § 3553(a) factors, if (1) "[e]xtraordinary and compelling reasons warrant the reduction,"[2] and (2) "[t]he defendant is not a danger to the safety of any other person or the community," and (3) "[t]he reduction is consistent with this policy statement." *Id.*

It is the defendant's burden to establish that a "compassionate release" is warranted under the statute. *United States v. Wesley*, 2020 WL 3868901, *1 (D. Kan. July 9, 2020); *see also United States v. Bright*, 2020 WL 473323, at *1 ("extraordinary and compelling" imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). The court exercises its discretion in ruling on such a motion. *Wesley*, 2020 WL 3868901, at *1 (citing *United States v. Piper*, 839 F.3d. 1361, 1265 (10th Cir. 2016)).

---

[1] The sentencing factors in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense the promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant effective training and treatment; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range applicable to the category of offense committed; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.

[2] The Sentencing Commission's policy statement lists four categories of possible extraordinary and compelling reasons for a sentence reduction: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13 application note 1.

In his motion, Defendant Kelly seeks a reduction of his sentence based on two grounds: first, Defendant claims that this family's medical circumstances warrant compassionate release; and second, Defendant argues that his own underlying health conditions constitute "extraordinary and compelling" circumstances in light of the risks associated with the current COVID-19 pandemic.

### A. Defendant's Family Circumstances

In its policy statement, the Sentencing Commission has determined that a prisoner's family circumstances may be "extraordinary and compelling" if either of the following occurs: (i) the death or incapacitation of a caregiver of the defendant's minor child or children, or (ii) the incapacitation of the defendant's spouse or partner when the defendant would be the only available caregiver for the spouse or partner. U.S.S.G. § 1B1.13 application note 1(C). The Sentencing Commission also supplies a "catchall" provision which provides that compassionate release may be warranted for "an extraordinary and compelling reason other than, or in combination with" other reasons. U.S.S.G. § 1B1.13 application note 1(D).

Defendant Kelley maintains that he has two minor sons with behavioral and mental disorders. Defendant's wife allegedly suffers from major depressive disorder and anxiety disorder, which Defendant claims are caused by the demands of taking care of her special needs children on her own. Defendant also claims that his wife suffers from chronic knee pain which leaves her bedridden, with the only solution to her pain being a complete double knee replacement. Defendant alleges that Mrs. Kelley's only option for childcare assistance is Defendant's 79-year-old mother, who suffers from degenerative disc disease and a fractured vertebra.

Defendant has failed to show that his family circumstances warrant the relief that he seeks. He has not demonstrated that his children's caregiver, Mrs. Kelley, is incapacitated or incapable of caring for herself or her children. Furthermore, Defendant concedes that Mrs. Kelley is assisted by Defendant's mother in caring for his children as needed. Even applying the Sentencing Commission's "catchall" provision, Defendant's argument fails. Although the Court is sympathetic to Mrs. Kelly's depression, anxiety, and knee pain, her alleged need for surgery does not appear to be urgent, and her situation does not justify Defendant's immediate release from USP Lompoc.

### B. Defendant's Medical Circumstances

The Sentencing Commission has provided that the medical condition of a prisoner may constitute an extraordinary and compelling reason for sentence reduction if (i) the prisoner is suffering from a terminal illness, or (ii) he is suffering from a serious physical or medical condition that "substantially diminishes" his ability to provide self-care within the prison and he is not expected to recover. U.S.S.G. § 1B1.13 application note 1(A).

Because of the current COVID-19 pandemic, Defendant argues that his underlying health conditions warrant a reduction in his sentence. Specifically, Defendant asserts that he has an elevated risk of serious illness or death if he were to contract COVID-19 because he suffers from hypertension, anxiety disorder, obesity, testicular hypofunction, and major depressive disorder.

Defendant has failed to demonstrate that his medical conditions constitute extraordinary and compelling reasons to warrant the relief he seeks. The medical records provided by Defendant are from 2017 or earlier. (Dkt. No. 65, Ex. 1.) The more recent medical records provided by the United States reflect that Defendant no longer has a BMI qualifying him as obese and that his hypertension appears to be well under control at USP Lompoc. (Dkt. No. 69,

Ex. 2.) None of Defendant's other health issues (anxiety, depression, and testicular issues) are cited by the CDC as medical conditions that may cause an increased risk for severe illness from COVID-19. *People at Increased Risk of Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited September 11, 2020). In the absence of any particularized risk to Defendant, the Court finds that he has failed to show that his health constitutes an extraordinary and compelling reason to reduce his sentence. *See Wesley,* 2020 WL 3868901, at *3 (denying a motion for compassionate release where the defendant had "simply not shown that he bears an increased risk of serious medical harm, and the court is not prepared to order the release of any and all inmates, solely because of the pandemic, in the absence of such a particularized risk").

Even if the Court were to find that extraordinary and compelling reasons existed to justify a sentence reduction, the Court would nonetheless deny Defendant's motion because the applicable § 3553(a) factors do not weigh in favor of a sentence reduction in this case. Defendant's criminal offense was serious. It spanned two years and involved Defendant defrauding his victims of millions of dollars. Reducing Defendant's sentence (of which he has served less than half) would fail to reflect the serious nature and circumstances of Defendant's offense, promote respect for the law, provide just punishment, deter similar criminal conduct, or protect the public from further crimes by Defendant. *See* 18 U.S.C. § 3553(a)(2).

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 64) is hereby DENIED.

DATED this 11th day of September, 2020.

BY THE COURT:

Dee Benson
United States District Judge