IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW DEAN KELLEY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:16-CR-630 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Andrew Dean Kelley's Motion for Early Termination of Supervised Release. The government responded on July 9, 2024, opposing the Motion. For the reasons discussed below, the Court will deny the Motion without prejudice.

Defendant was charged with Securities Fraud on November 11, 2016, and sentenced to a term of 84 months to be followed by 36 months of supervised release on October 5, 2017. Defendant began his term of supervision on January 27, 2023. In his Motion, Defendant states that he has made many positive changes in his life, no longer requires any services from the U.S. Probation Office, and has recently entered into a restitution payment arrangement with the U.S. Attorney's Office. He further asserts that he has earned good time credit, for which he has not yet been credited. Defendant states he is seeking early termination because it will "enhance [his] employment opportunities."[1] Consultation with Defendant's supervising officer confirms that Defendant has done well while on supervision.

---

[1] Docket No. 77, at 1.

1

The government's response commends Defendant on his progress, but notes concern with his "vague, undefined employment"[2] and believes continuing supervision will promote his full rehabilitation and is just. The government further notes Defendant has not yet demonstrated that he will make restitution payments for an extended period.

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that termination of Defendant's supervised release is not appropriate at this time. While the Court commends Defendant on his progress, the Court believes that an additional period of supervision will be beneficial. The Court will reconsider a motion for early termination of Defendant's supervised release in six months if Defendant makes consistent and timely restitution payments.

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 77) is DENIED without prejudice.

DATED this 23rd day of July, 2024.

BY THE COURT:

Ted Stewart
United States District Judge

---

[2] Docket No. 78, at 2.